**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000514
23-APR-2025
12:05 PM
Dkt. 59 SO**

NO. CAAP-22-0000514

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
JASON KALUA, Defendant-Appellee,
and
ALL IN 1 BONDING Surety-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-20-0001310)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka, and Wadsworth, JJ.)

Surety-Appellant All in 1 Bonding (**Surety**) appeals from the July 31, 2022 Order Denying Defendant's Motion to Set Aside Bail Forfeiture (**Order Denying Set Aside**) entered by the Circuit Court of the First Circuit (**Circuit Court**).[1] Surety also challenges the Circuit Court's July 31, 2022 Findings of Fact, Conclusions of Law; Order Denying Defendant's "Motion for Further

---

[1] The Honorable Paul B.K. Wong presided.

Hearing to Reconsider, Correct Errors, Regarding Setting Aside Bail Forfeiture Judgment" (**Order Denying Reconsideration**).

Surety raises two points of error on appeal, contending that the Circuit Court: (1) erred as a matter of law when it held that notice of forfeiture served on Surety Insurer (**Insurer**), not Surety, started the 30-day clock under Hawaii Revised Statutes (**HRS**) § 804-51 (2014); and (2) further erred as a matter of law when it denied reconsideration premised on an untimely filing of a motion to set aside bail forfeiture.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Surety's points of error as follows:

Surety argues that pursuant to HRS § 804-51, notice of forfeiture was required to be sent to Surety, not Insurer. Thus, Surety's motion to set aside forfeiture was timely in this case. Plaintiff-Appellee State of Hawaiʻi (**State**) acknowledges and agrees that Surety's motion was timely filed. At the time relevant to this case, HRS § 804-51 provided:[2]

> **§ 804-51 Procedure.** Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a criminal cause, **the court** shall immediately enter up judgment in favor of the State and against the principal or principals and surety or sureties on the bond, jointly and severally, for the full amount of the penalty thereof, and **shall cause execution to issue thereon immediately after the expiration of thirty days from the date that notice is given via personal service or certified mail, return receipt requested, to the surety or sureties on the bond, of the**

---

[2] The statute was subsequently amended by Act 154 of 2023.

> **entry of the judgment in favor of the State, unless before the expiration of thirty days from the date that notice is given to the surety or sureties on the bond of the entry of the judgment in favor of the State, a motion or application of the principal or principals, surety or sureties, or any of them, showing good cause why execution should not issue upon the judgment, is filed with the court.** If the motion or application, after a hearing held thereon, is sustained, the court shall vacate the judgment of forfeiture and, if the principal surrenders or is surrendered pursuant to section 804-14 or section 804-41, return the bond or recognizance to the principal or surety, whoever shall have given it, less the amount of any cost, as established at the hearing, incurred by the State as a result of the nonappearance of the principal or other event on the basis of which the court forfeited the bond or recognizance. If the motion or application, after a hearing held thereon, is overruled, execution shall forthwith issue and shall not be stayed unless the order overruling the motion or application is appealed from as in the case of a final judgment.
>
> This section shall be considered to be set forth in full in words and figures in, and to form a part of, and to be included in, each and every bond or recognizance given in a criminal cause, whether actually set forth in the bond or recognizance, or not.

(Emphasis added).

In State v. Nelson, 140 Hawaiʻi 123, 136, 398 P.3d 712, 725 (2017), the Hawaiʻi Supreme Court held that the insurer in that case did not qualify as the surety named on the bond for the purposes of the required notice of forfeiture. Although the circumstances of this case are different, that legal principle does not change. Thus, Surety timely filed its motion to set aside on March 7, 2022, within 30 days of February 11, 2022, when Surety received notice of the bond forfeiture. Moreover, Defendant-Appellee Jason Kalua was arrested and in custody on the 30th day of the statutory 30-day search period. Therefore, we conclude that the Circuit Court erred in entering the Order Denying Set Aside. We need not reach Surety's second point of error.

For these reasons, the Circuit Court's July 31, 2022 Order Denying Set Aside is vacated. This case is remanded to the

Circuit Court for further proceedings consistent with HRS § 804-51 and this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, April 23, 2025.

On the briefs:

William A. Harrison,
for Surety-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge